(9 App. Div. 621)
# In re WIENER'S ESTATE.

(Supreme Court, Appellate Division, First Department.    September 9, 1896.)

CLAIMS AGAINST DECEDENTS—DEFICIENCY JUDGMENT—COMPELLING PAYMENT.
  Where a mortgage given by a decedent is about to fall due, and it is doubtful whether the premises will sell for enough to pay the mortgage debt, an application of another mortgage creditor, who had foreclosed his mortgage, and obtained a deficiency judgment, for an order directing the executor to pay the deficiency judgment out of the assets in his hands, should be denied until it can be ascertained by foreclosure sale whether the property subject to the undue mortgage will sell for enough to satisfy such mortgage.

Appeal from surrogate's court, New York county.

Motion by the Mutual Life Insurance Company of New York to compel Henry W. Johnson, as executor of the will of Michael N. Wiener, deceased, to pay to petitioner or his attorney the sum of $4,908.50, and interest thereon from January 12, 1895, being the amount of a deficiency judgment rendered on foreclosure of a mortgage executed by decedent.    The application was granted, and the Washington Life Insurance Company appeals.    Reversed.

Decedent was indebted to the Mutual Life Insurance Company of New York and to the Washington Life Insurance Company in large sums secured by mortgages.    On the application by the executor for a final judicial settlement of his accounts while a proceeding for the foreclosure of the mutual Company's mortgage was pending, the Washington Company filed objections to the account filed, setting up the indebtedness of testator to it, and asking that the court direct the executor to hold the assets of the estate until the mortgage held by said company should become due, and it should be ascertained whether the security covered by said mortgages would be adequate to the full payment thereof.    The mortgages held by the Mutual Company were foreclosed, and the sale resulted in a deficiency judgment of $4,908.50. The mortgage held by the Washington Company became due on June 1, 1896..    The application by the Mutual Company to compel payment of the deficiency judgment was made on March 27, 1896.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and O'BRIEN, JJ.

Foster & Thomson, for appellant.
J. E. Hamblen, for respondent.

PER CURIAM.    The motion for the payment of claim by the Mutual Life Insurance Company, based on its petition, was noticed for the 27th day of March, 1896, and the last affidavit made in support thereof was sworn to on the 19th day of May, 1896.    The due date of the mortgage of the Washington Life Insurance Company was June 1, 1896.    In view of that fact, we think it would have been proper, where the question of the value of the security was involved, and it could be rendered certain by the proceedings to foreclose, which the attorneys for the Washington Life Insurance Company were instructed to institute, to await the result, when it could be definitely determined whether the property was sufficient or not to satisfy the debt; and that it was improper, in that state of the record, to decide the motion, and direct the payment of the deficiency judgment of the Mutual Life Insurance Company.

We think, therefore, the order should be reversed, and the motion remitted to the surrogate to take further proof, with $10 costs and disbursements of this appeal to abide the event.